# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

SHARVELT MISTER[1]  PETITIONER
ADC #120997

v.                    5:15CV00325-KGB-JJV

WENDY KELLEY, Director, Arkansas
Department of Correction  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

---

[1] Curiously, in all of Mr. Mister's state pleadings and on the ADC website his name is spelled Sharvelt, and he signs his name Sharvelt. In his Petition and other pleadings with this Court, his name is spelled Sharvett. I believe this is an error, and the Clerk shall correct the docket to reflect the correct spelling of Petitioner Sharvelt Mister's name.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

Petitioner, Sharvelt Mister, was on parole for various drug offenses in December 2010[2] when he twice sold crack cocaine to a confidential informant. *Mister v. State*, 2012 Ark. App. 375 *2 (2012). He was arrested on December 20, 2010, and on December 27, 2010, the State of Arkansas filed a petition to revoke his six suspended sentences.

On April 20, 2011, the Sebastian County Circuit Court held a hearing on the State's petition to revoke, found by the preponderance of the evidence that Mr. Mister had violated the terms of his suspended sentences, and sentenced him to fifty-seven years' imprisonment. (Doc. No. 11-4 at 81-87.) Mr. Mister appealed, and the Arkansas Court of Appeals affirmed. *Mister v. State*, 2012 Ark. App. 375 (2012). Mr. Mister then filed a Rule 37 petition which the Sebastian County Circuit Court denied. Mr. Mister appealed to the Arkansas Supreme Court and the court affirmed and explained

---

[2](Doc. No. 11-2 at 61-74.)

the sentence as follows:

> In 2001, Mister was sentenced on each of three controlled-substance offenses to nineteen years' imprisonment with an additional suspended imposition of sentence of ten years. The record further shows that in 2007, he was sentenced on each of three controlled-substance offenses to twelve years' imprisonment with a suspended imposition of sentence of eight years. In 2010, the State petitioned to revoke the six suspended sentences. The circuit court granted the State's petition, and Mister was sentenced to twenty-one years' imprisonment on each of the three 2001 convictions and eighteen years' imprisonment on each of the three 2007 convictions. The court ran the three twenty-one-year sentences concurrently, ran two of the eighteen-year sentences concurrently but consecutive to the three twenty-one-year sentences, and ran the third eighteen-year sentence consecutively to both the three twenty-one year sentences and the two eighteen-year sentences. Mister was to serve a total of fifty-seven years' imprisonment.

*Mister v. State*, 446 S.W.3d 624, 625 (2014).

On October 14, 2015, Mr. Mister filed an Amended Petition[3] for Writ of Habeas Corpus (Doc. No. 22) citing the following four grounds for relief: (1) trial counsel was ineffective for failing to communicate a plea offer; (2) trial counsel was ineffective for presenting a false plea offer; (3) the prosecutor violated Mr. Mister's due process rights by breaching the 2001 and 2007 plea agreements; and (4) the trial court exceeded its subject matter jurisdiction in sentencing Mr. Mister to a consecutive term of imprisonment. (Doc. No. 22.)

Respondent contends three of Mr. Mister's claims (Claims 1, 3, and 4) are procedurally defaulted, and one claim (Claim 2) should be entitled to deferential review. (Doc. No. 11.) Mr. Mister counters that although his claims are procedurally defaulted, I should look to the merits of his ineffective assistance of counsel claims based on the exception created by *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). He also argues the other claims should be considered because the "procedural default issues are 'tangled' with . . ." his other claims so "*Martinez* could 'open the door' for merits-

---

[3]There are no substantive changes to the Amended Petition. Therefore, Respondent does not need to file an Amended Response.

3

consideration." (*Id*. at 2.)

After careful consideration of the Petition and Response, for the following reasons, I find Mr. Mister's claims are without merit and his Petition should be DISMISSED.

## II.    ANALYSIS

### A.    Procedural Default

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); See 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). As a matter of comity and federalism, the state courts should have a proper opportunity to address a petitioner's claims of constitutional error before those claims are presented to the federal court. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted). Failure to do so will result in a procedural default. *Kennedy v. Delo,* 959 F.2d 112, 115 (8th Cir. 1992) (citing *Coleman,* 501 U.S. 722 at 749-50).

There is no question that Petitioner has defaulted Claims 1, 3 and 4. But Mr. Mister argues the United States Supreme Court's holding in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) provides him relief to excuse his default. Yet, even if *Martinez* applied, I would only perform a merits review of the defaulted claims if (1) the claim of ineffective assistance was *substantial*, (2) the "cause" was that Mr. Mister had no counsel in the postconviction proceeding, (3) the Rule 37 proceeding was the

initial review proceeding with respect to the ineffective assistance of counsel claim, and (4) it was highly unlikely Mr. Mister had a "meaningful opportunity" to raise his ineffective assistance claims on direct appeal. *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). Here, Mr. Mister's claim fails at the first prong of the analysis.

In Claim 1, Mr. Mister says his counsel failed to present him a twenty-three-year plea offer. In support of this claim, he submitted handwritten notes (Doc. No. 1 at 32), presumably drafted by his counsel, that states "new offer – 23 – 17." (*Id.*) Respondent counters that no such offer was ever made and the prosecution's only offer was thirty-years' imprisonment with ten-years suspended imposition of sentence. (Doc. No. 11-9 at 2.) I find Respondent's supporting evidence to be persuasive. And since the state did not make a twenty-three-year offer, Mr. Mister's claim fails to amount to a substantial claim of ineffective assistance of counsel.

In Claims 3 and 4, Mr. Mister argues he is entitled to habeas relief because his due process rights were violated by the prosecutor breaching the plea agreements from 2001 and 2007, and by the trial court exceeding its subject matter jurisdiction. Mr. Mister raised the subject matter jurisdiction issue in a pro se motion to correct illegal sentence in the Sebastian County Circuit Court (Doc. No. 11-2), but the circuit court never ruled on the motion, and the Arkansas Supreme Court has not had an opportunity to adjudicate these claims. Therefore, these claims are also procedurally defaulted. Mr. Mister argues because they are "tangled" with his ineffective assistance of counsel claims, *Martinez* should excuse his default. Because *Martinez* offers a "narrow exception" to excuse procedure default for ineffective assistance of counsel claims, I disagree. *Martinez*, 132 S.Ct. at 1314.

To otherwise review Mr. Mister's procedurally defaulted claims, he must demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that

failure to consider the claims will result in a fundamental miscarriage of justice – a constitutional violation that resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Mister's excuse for default – that his claims are tangled with his ineffective assistance of counsel claims – is insufficient. Moreover, Mr. Mister cannot satisfy the test of the miscarriage-of-justice exception. Few petitioners are "within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 315 (1995). "[T]he miscarriage of justice exception requires prisoners to present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'" *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010) (quoting *Schulp v. Delo*, 513 U.S. at 316 (1995)). Mr. Mister does not make a claim of actual innocence, nor do his claims qualify in either of these exceptions, and as such, should be dismissed as procedurally defaulted.

### B. Deference to State Court

In Claim 2, Mr. Mister contends his counsel was ineffective "for presenting a knowingly false plea offer" on the day of the revocation hearing. (Doc. No. 1 at 14.) Mr. Mister says after his laywer informed him about a twenty-year offer made by the state, he went to court expecting to plea, but instead faced a contested revocation hearing. Respondent argues this claim was properly adjudicated by the Arkansas Supreme Court, and I agree.

Mr. Mister first raised this issue to the Sebastian County Circuit Court in a postconviction petition for relief under Rule 37. The circuit court denied the petition, and he appealed it to the Arkansas Supreme Court. *Mister v. Arkansas*. 446 S.W. 3d 624 (2014). The Arkansas Supreme Court affirmed, saying "Mister failed to make the requisite showing under *Strickland* . . ." *Id.* at 628.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas

6

courts are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). The AEDPA limits federal review of underlying state court decisions because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

The Arkansas Supreme Court adjudicated Mr. Mister's ineffective assistance of counsel claims on the merits and found his counsel did not fall below the *Strickland* standard. The Court held:

7

> The circuit court concluded that Khoury's counterproposal of a twenty-year sentence was a matter of trial tactics or strategy and that Khoury's decision was supported by reasonable professional judgment. Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then counsel's decision is not a basis for relief under Rule 37.1. Though Mister further alleges that he was misled by Khoury and that Khoury never prepared for trial, the circuit court considered Khoury's testimony that he prepared for the hearing and then found that Khoury's strategic and tactical plan was to prepare for the hearing on the State's petition to revoke Mister's suspended sentences while trying to resolve the matter by plea. Resolution of issues relating to Mister's and Khoury's credibility was within the province of the circuit court. Based on this record, we cannot hold that the circuit court clearly erred in making this finding.

*Mister v. State*, 446 S.W.3d 624, 627 (2014) (citations emitted).

The Arkansas Supreme Court's opinion is neither contrary to nor an unreasonable application of an established federal law. Therefore, this claim must also be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). Mr. Mister's claims are procedurally defaulted. Therefore, no certificate of appealability should be issued.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Clerk of the Court alter the docket to reflect the correct spelling of Petitioner Sharvelt Mister's name;

2. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED, and the requested relief be DENIED; and

3. A certificate of appealability should not be issued.

DATED this day 26th of April, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE